

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

—————————————

No. 07-21-00200-CR
No. 07-21-00201-CR

—————————————

JAMIE PARKER JERNIGAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Wheeler County, Texas
Trial Court Nos. 4897 & 4898; Honorable Steven Emmert, Presiding

October 12, 2021

## ORDER EXTENDING TIME TO FILE REPORTER'S RECORD

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In September 2017, in exchange for pleas of guilty, the trial court convicted Appellant, Jamie Parker Jernigan, of obstruction or retaliation in trial court cause number

4897,[1] and of theft of cattle or exotic livestock in trial court cause number 4898.[2]  Both offenses are third degree felonies.  Pursuant to a plea bargain, Appellant agreed to confinement for ten years and a fine of $1,000, suspended in favor of four years community supervision.  Appellant's punishment for his conviction for theft of cattle or exotic livestock included restitution of $1,475.12.

Three years later, the State moved to revoke Appellant's community supervision alleging numerous violations of the terms and conditions thereof.  At a contested hearing on the State's motion, Appellant entered pleas of not true to all of the violations alleged by the State.  After testimony was presented from Appellant's community supervision officer, the trial court revoked Appellant's community supervision and sentenced him to consecutive ten-year sentences.

On August 12, 2021, Appellant filed his notices of appeal challenging his convictions.  Four days later, on August 16, 2021, the official court reporter for the 31st District Court of Wheeler County passed away.  The clerk's records and the reporter's record from the revocation hearing have both been filed.  Appointed counsel has now notified this court that she is unable to obtain a transcription of prior proceedings for use in preparing Appellant's brief.

Rule 35.3(c) of the Texas Rules of Appellate Procedure places a joint burden on the trial court and this court in ensuring that the appellate record is timely filed and authorizes this court to enter any order necessary for doing so when the delay is not the

---

[1] TEX. PENAL CODE ANN. § 36.06(c) (West 2016).

[2] TEX. PENAL CODE ANN. § 31.03(e)(5)(A) (West 2019).

2

appellant's fault.  TEX. R. APP. P. 35.3(c).  Because the former official court reporter cannot now request an extension of time in which to file the complete reporter's record, this court *sua sponte* grants an extension of time in which to file the reporter's record.  The complete reporter's record is due on or before December 13, 2021.

Should it be determined that the record cannot be filed by December 13, 2021, or that transcriptions from prior hearings are lost or destroyed, the trial court is directed to notify this court as soon as practicable for further consideration

It is so ordered.

Per Curiam

Do not publish.